IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LARRY STEPHENSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 00-4861 |
| | : | |
| DONALD T. VAUGHN, et al. | : | |

MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                                  **November 9, 2005**

Now before the Court is the Petition of Larry Stephenson ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution at Graterford, Pennsylvania. For the reasons that follow, the Petition will be denied.

**I. PROCEDURAL HISTORY**

On June 20, 1974, following a jury trial in the Court of Common Pleas of Delaware County, Petitioner was found guilty of first-degree murder, robbery, and criminal conspiracy. He was subsequently sentenced to life imprisonment for the murder conviction and a consecutive term of seven and one-half (7 ½) to fifteen (15) years' imprisonment for the remaining convictions. The Pennsylvania Supreme Court affirmed judgment of sentence on October 7, 1977. Commonwealth v. Stephenson, 378 A.2d 822 (Pa. 1977).

On November 22, 1977, Petitioner filed his first Petition for Writ of Habeas Corpus. By Order dated January 25, 1978, the Honorable Alfred J. Luongo denied the petition. Two of the six claims Petitioner had advanced were denied without prejudice to afford him an opportunity to exhaust the available state remedies. The remaining claims were denied on the

merits. On January 25, 1991, Petitioner filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq. On February 14, 1996, the PCRA Court dismissed the petition and the Superior Court of Pennsylvania affirmed on October 17, 1996. Commonwealth v. Stephenson, 687 A.2d 861 (Pa. Super. Ct. 1996) (table). The Supreme Court of Pennsylvania denied allocatur on April 28, 1997. Commonwealth v. Stephenson, 693 A.2d 967 (Pa. 1997) (table).

Petitioner filed a second PCRA petition on August 28, 1997, which the PCRA Court ultimately dismissed as untimely. The Superior Court affirmed on August 9, 2000. Commonwealth v. Stephenson, 764 A.2d 1129 (Pa. Super. Ct. 2000) (table). Petitioner did not seek further review.

On September 26, 2000, Petitioner filed the instant pro se petition for a writ of habeas corpus.[1] The Court designated United States Magistrate Judge James R. Melinson to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). In his Report and Recommendation, Magistrate Judge Melinson found that Petitioner's claims are barred by the applicable statute of limitations. Petitioner filed timely objections in which he challenges Magistrate Judge Melinson's findings. Because Petitioner has objected to Magistrate Judge Melinson's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or

---

[1] The Court initially dismissed the petition on January 20, 2001 on the grounds that it was a second or successive petition, which the Court could not consider absent prior Court of Appeals authorization. Petitioner appealed, and on September 18, 2002, the Third Circuit held that this was not a second or successive petition and remanded the matter to the district court for further proceedings. Stephenson v. Vaughn, No. 01-1487 (3d Cir. Apr. 11, 2002).

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

## II. LEGAL STANDARD

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. Habeas petitions under AEDPA are subject to a one-year statute of limitations, which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

## III. ANALYSIS

Because Petitioner's conviction became final before the effective date of AEDPA, the statute of limitations would ordinarily have commenced running on April 24, 1996, the date on which AEDPA was enacted. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). However, at that time, Petitioner had a PCRA petition pending before the Pennsylvania courts, which, under 28 U.S.C. § 2244(d)(2), served to toll the statute of limitations period. Thus, the one-year period did not begin to run until April 28, 1997, when the Supreme Court of Pennsylvania

denied allocatur. See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000) ("[T]he period of limitations tolls during the time the prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought.").

Petitioner did file a second PCRA petition on August 28, 1997. However, both the PCRA Court and the Superior Court found that second petition untimely; to that extent, the petition was not "properly filed" and did not stop the clock from ticking. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2002) (holding that "an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition.").[2] Petitioner's one-year limitation period thus expired on April 28, 1998. Accordingly, the Court finds that the instant petition, which was filed on September 26, 2000, is time-barred.[3]

**III. CONCLUSION**

Petitioner's claims are time-barred and will accordingly be dismissed. Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[2] The Third Circuit has made clear that federal courts must defer to the state court's determination as to whether a PCRA petition was timely filed. Merritt, 326 F.3d at 166.

[3] Petitioner argues that the Third Circuit has already determined that his petition was timely. In fact, the Third Circuit merely determined that this was not a second or successive habeas petition. Stephenson v. Vaughn, No. 01-1487 (3d Cir. Apr. 11, 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY STEPHENSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 00-4861** |
| | : | |
| **DONALD T. VAUGHN, et al.** | : | |

**AND NOW**, this 9th day of November 2005, upon consideration of the Report and Recommendation of United States Magistrate Judge James R. Melinson (docket no. 15), Petitioner's Objections thereto (docket no. 17), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3. Because there is no probable cause to issue a certificate of appealability, a certificate of appealability shall not issue.

                                                          BY THE COURT:

                                                          /s/ Bruce W. Kauffman
                                                          **BRUCE W. KAUFFMAN, J.**